UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROCKSTAR, INC., | ) | Case No.: 2:09-cv-01499-GMN-GWF |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| ORIGINAL GOOD BRAND CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Magistrate Judge Foley's Report and Recommendation (ECF No. 43), proposing that the Court strike the Defendant's answer and enter a default based on Defendant's failure to comply with Magistrate Judge Foley's order to obtain counsel.

Also pending are Plaintiff's Motion to Strike Defendant's Answer and Counterclaim (ECF No. 40) and Plaintiff's Motion for Entry of Default (ECF No. 41).

For the reasons that follow, Magistrate Judge Foley's Report and Recommendation is adopted, and Plaintiff's motions are rendered moot.

**I. Background**

In August of 2009, Plaintiff Rockstar, Inc. filed its complaint, in which it asserted claims for fraud, unfair competition, negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing. (ECF No. 1.) On January 5, 2010, Defendant Original Good Brand Corp. filed its initial answer to the complaint, (ECF No. 14), and then, on January 26, Defendant filed an amended answer and counterclaim. (ECF No. 16.) At the time, Defendant was represented by Jones Vargas, a law firm headquartered in Nevada.

On May 6, 2010, after Plaintiff had filed a motion to dismiss Defendant's counterclaim and had propounded its discovery requests, Jones Vargas filed a motion to withdraw as counsel for Defendant. (ECF No. 27.) Plaintiff opposed this motion, contending that Jones Vargas's

withdrawal would cause substantial delay, but did note that Plaintiff would consent to Jones Vargas's withdrawal if Judge Foley were to order Defendant to promptly appoint new counsel. (ECF No. 30.)

On June 1, 2010, Judge Foley issued an order allowing Jones Vargas to withdraw, but also ordering Defendant to retain new counsel by June 28, 2010 and to file a status report on or before that date. (ECF No. 36.) Judge Foley instructed Defendant that, if it did not retain new counsel by that date, Judge Foley would recommend to this Court that Defendant's answer and counterclaim be stricken and a default entered. (*Id.*) Defendant did not retain new counsel or file a status report by June 28th, nor, as of the date of this Order, has Defendant yet done so.

On July 6, 2010, one week after the deadline Judge Foley had set for Defendant to appoint new counsel, Judge Foley issued an Order to Show Cause (ECF No. 42) why sanctions should not be imposed for failure to comply with Judge's Foley's June 1, 2010 Order. Judge Foley gave Defendant until June 19, 2010 to respond. Defendant did not do so.

Consequently, on July 28, 2010, Judge Foley issued a Report and Recommendation, advising this Court to strike Defendant's answer and enter a default due to Defendant's failure to comply with Judge Foley's order requiring it to retain new counsel. (ECF No. 43.) More than fourteen days have passed since Judge Foley issued that Report and Recommendation, but Defendant has not filed an objection to it.

**II. Discussion**

Under its inherent power, a court may assess attorney's fees or other sanctions for the willful disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43. Here, Defendant has failed to comply with both Judge Foley's June 1st Order and his July 6th Order to Show Cause, despite Judge Foley's explicit warning in both orders that failure to comply could result in the striking of Defendant's answer and the entering of a default.

"Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault warranting default." *Stars' Desert Inn Hotel & Country Club Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997).  Defendant has made no such showing; therefore, default appears to be proper.

Nonetheless, striking a defendant's answer and entering a default are severe sanctions, and, as such, this Court must consider five factors prior to imposing such sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Adriana Int'l Corp. v. Kunz*, 913 F.2d 1406, 1412 (9th Cir. 1990). [1]  These factors are "not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Products Liability Litigation,* 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation marks omitted).

When a court order is violated, as occurred here, "the first two factors support sanctions and the fourth factor cuts against a default.  Therefore, it is the third and fifth factors that are decisive." *Adriana*, 913 F.2d at 1412.

The third factor pertains to the risk of prejudice to the other party or parties--here, Plaintiff.  A party suffers prejudice if the violating party's actions impair the other party's ability to go to trial or threaten to interfere with the rightful decision of the case. *Adriana*, 913 F.2d at 1412.  Here, Defendant has effectively halted the litigation: it has not communicated with the court since June 9th, despite orders to do so, and does not appear to have engaged in the discovery that was ordered to be completed by July 28, 2010. (*See* ECF No. 37.)  Further,

---

[1]  The Ninth Circuit treats dismissals under Fed. R. Civ. P. 37 and under courts' inherent powers similarly and uses the case law related to each virtually interchangeably. *Adriana Int'l Corp. v. Kunz*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990). Because of this, during the Court's discussion of this case, the Court cites both to cases involving dismissals based on the trial court's inherent authority and to cases involving dismissals based on Rule 37.  Further, cases involving a dismissal of a plaintiff's complaint are treated comparably to those involving dismissal of a defendant's answer, in accordance with the practice in the Ninth Circuit. *Id.*

Defendant has not retained licensed counsel, though, as a corporation, it is required to do so. *See U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Thus, the litigation is no longer progressing, and Plaintiff has been unable to engage in the discovery necessary for it to bring its case to trial. The Ninth Circuit has repeatedly affirmed the entrance of terminating sanctions against a party that refuses to allow a deposition to be taken, *see*, *e.g., Stars' Desert Inn Hotel & Country Club Inc.*, 105 F.3d at 525, reasoning that such a failure to allow the deposition or depositions prejudiced the other party's case. In this case, the prejudice is far more severe, as Plaintiff is not only being prevented from taking depositions; rather, nearly all formal discovery is being foreclosed to it, which both prejudices Plaintiff and interferes with the rightful decision of the case. Accordingly, this factor weighs in favor of striking the answer and entering a default.

The fifth factor deals with the availability of less drastic alternatives. As this is an instance in which the named party, and not its attorneys, is at fault, the Court must consider sanctions against the party short of dismissal that would enable the litigation to continue. One alternative is monetary sanctions. It is, however, unlikely that monetary sanctions would be effective to compel Defendant's participation in this case, when the prospect of losing a good deal more money by failing to vigorously defend this case has not been a sufficient stimulus to get Defendant to engage in the litigation up to this point.

Perhaps, then, there are non-monetary sanctions--such as striking all of Defendant's affirmative defenses--that might be effective. However, such sanctions are only an effective punishment if Defendant actually intends to continue defending the suit. Defendant has made no indication that this is the case. Instead, it seems as though Defendant has abandoned its defense: though Judge Foley has issued several orders and Plaintiff has filed several motions, Defendant has not participated in the case since June. Thus, such non-monetary sanctions would do little more than waste the Court and Plaintiff's time and resources. Striking Defendant's answer and entering Defendant's default is therefore appropriate.

Such a sanction will be of no surprise to Defendant; Judge Foley warned in his June 1st Order, his July 6th Order to Show Cause, and his July 28th Report and Recommendation that such sanctions could be imposed if Defendant failed to comply with Judge Foley's orders.  Thus, even if this Court had not explicitly considered other sanctions, the fifth factor weighs in favor of dismissal, as "[w]arning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." *In re Phenylpropanolamine,* 460 F.3d at 1229 (internal quotation marks omitted).

In summary, all five of the factors favor striking Defendant's answer and entering a default, except for the public policy preference for resolution of action on the merits.  Because of this balance in favor of dismissal, the Court adopts Judge Foley's Report and Recommendation.

**CONCLUSION**

**IT IS HEREBY ORDERED** that Magistrate Judge Foley's Report and Recommendation (ECF No. 43) is ADOPTED.  Defendant's Amended Answer (ECF No. 16) is therefore stricken, and the Clerk is ordered to enter Defendant's default.  This Order renders moot Plaintiff's motions at ECF No. 40 and ECF No. 41.

DATED this 15th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge